08-5649-ag
Lin v. Holder

BIA
Holmes-Simmons, IJ
A097 385 233

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **GUIDO CALABRESI,**
> **REENA RAGGI,**
> > *Circuit Judges.*

_____

**CUI YAN LIN,**
> *Petitioner,*

> v.                                          **08-5649-ag**
>                                             **NAC**

**ERIC H. HOLDER, JR., UNITED STATES**
**ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**          Yee Ling Poon; Robert Duk-Hwan Kim, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Scott Rempell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Cui Yan Lin, a native and citizen of the People's Republic of China, seeks review of an October 31, 2008, order of the BIA reversing the March 22, 2007, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which granted her applications for asylum and withholding of removal, but denied her application for relief under the Convention Against Torture ("CAT"). *In re Cui Yan Lin*, No. A097 385 233 (B.I.A. Oct. 31, 2008), *rev'g* No. A097 385 233 (Immig. Ct. N.Y. City Mar. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA rejects the IJ's decision in its entirety, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the

agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Lin argues that the BIA's determination that she does not have a well-founded fear of persecution was in error for two reasons: 1) the BIA impermissibly reviewed *de novo* the IJ's factual findings; and 2) the BIA's legal conclusion, as supported by the IJ's factual findings, is not supported by substantial evidence in the record. Both arguments are without merit. First, the BIA was entitled to review *de novo* the IJ's legal determination regarding Lin's eligibility for relief. *See Matter of A-S-B-*, 24 I. & N. Dec. 493, 496-97 (BIA 2008) (explaining that the question of whether uncontested facts are sufficient to establish a well-founded fear of persecution is a legal determination that is not subject to the clearly erroneous standard of review); 8 C.F.R. § 1003.1(d)(3) (requiring the BIA to review the IJ's findings of fact for clear error and questions of law, discretion, and judgment *de novo*).

3

Second, substantial evidence supports the BIA's legal determination, based on the IJ's factual findings, that Lin's fear of undergoing a mandatory gynecological examination was too speculative to merit relief. When an alien has not suffered a per se form of persecution, i.e., abortion and sterilization, she can still qualify for asylum if she can establish that: (1) she resisted China's family planning policy, (2) she has been persecuted in the past or has a well-founded fear of persecution in the future, and (3) the persecution was or would be *because* of her resistance to the policy. *See* 8 U.S.C. § 1101(a)(42). The BIA did not address whether Lin had engaged in resistence. Rather, it found that she had not been persecuted in the past, a finding she does not dispute, and that her fear of future harm was not well-founded. As to the latter finding, the BIA determined that gynecological examinations are not a per se form of persecution and that, in any event, she could not establish an objectively reasonable fear of being forced to undergo such an examination upon her return to China. We need not decide whether mandatory gynecological examinations constitute persecution, because we agree with the BIA that Lin failed to establish an objectively reasonable fear that

4

she would be forced to undergo such an examination upon her return.

As the agency found, Lin had never been subjected to a mandatory gynecological examination and there was no evidence in the record to suggest that Chinese officials had notified her family that she was required to undergo such an examination. Thus, her fear of a hypothetical future examination was not objectively reasonable. *See Jian Xing Huang v. INS*, 421 F.3d 125 ,128-29 (2d Cir. 2005) (finding that petitioner's alleged fear of persecution is "speculative at best" where it lacked any solid support in the record for his assertion that he would be subject to forced sterilization). Accordingly the agency reasonably denied Lin's asylum application.

Because Lin's claim for withholding of removal and CAT relief was based on the same factual predicate as her asylum claim, and the BIA reasonably found she was unable to meet her burden for asylum, she was necessarily unable to meet the higher standard required for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). Finally, Lin's claim that she

5

faces punishment upon her return based on her illegal departure from China is not exhausted, and we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk